**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4733**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NESTOR VLADAMIR SANDOVAL ROCA, a/k/a Poeta, a/k/a William Bladamir Mexmurillo Zapatero, a/k/a Stanley Turcio Palma, a/k/a William Santander Mendoza, a/k/a Hamilton Bachelet Soto, a/k/a Benjamil Ortiz, a/k/a William Zapatero, a/k/a Max, a/k/a Lzandra Santander Orester, a/k/a Jorge Alberto Medina Alonso,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:10-cr-00472-RWT-1)

_____

Submitted: March 28, 2013        Decided: April 9, 2013

_____

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Marta K. Kahn, THE LAW OFFICE OF MARTA K. KAHN, LLC, Baltimore, Maryland, for Appellant. Christen Anne Sproule, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nestor Vladamir Sandoval Roca pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute at least 280 grams of cocaine base and at least five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2006); two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006); and unauthorized re-entry of a deported alien after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal, Roca asserts that the trial court erred in its calculation of his criminal history and that trial counsel was ineffective in failing to object to the trial court's calculation of Roca's criminal history. Relying on the waiver of appellate rights in Roca's plea agreement, the Government has moved to dismiss this appeal. We dismiss in part and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A waiver will preclude an appeal of "a specific issue if . . . the waiver is valid and . . . the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question whether a defendant validly waived his right to appeal

is a question of law that this court reviews de novo.  Manigan, 592 F.3d at 626.

"An appellate waiver is valid if the defendant knowingly and intelligently agreed to [waive the right to appeal]."  Id. at 627.  To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances." Id. (internal quotation marks omitted).  "An important factor in such an evaluation is whether the district court sufficiently explained the waiver to the defendant during the Federal Rule of Criminal Procedure 11 plea colloquy."  Id.; see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Roca does not challenge the validity of his guilty plea but does challenge the validity of the waiver of his appellate rights.  Our review of the record leads us to conclude that Roca's appellate waiver was both knowing and voluntary. Because the waiver is valid and precludes Roca's challenge to the calculation of his criminal history category, we grant in part the Government's motion to dismiss and dismiss this portion of the appeal.

Although Roca's challenge to his sentence is barred, the appellate waiver does not bar his claim that trial counsel was ineffective.  See Johnson, 410 F.3d at 151 (stating ineffective assistance claims following entry of guilty plea cannot be waived); see also Strickland v. Washington, 466 U.S.

668, 688, 694 (1984) (providing standard).  Nevertheless, ineffective assistance of counsel claims are not generally cognizable on appeal unless ineffective assistance "conclusively appears from the record."  United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).  Because ineffective assistance does not conclusively appear on this record, we decline to review Roca's claim.  Roca must bring his claim — if at all — in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion in order to allow for adequate development of the record.  See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Accordingly, we deny in part the Government's motion to dismiss and affirm the remainder of the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4